IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV311-03-MU

| | |
|---|---|
| RICKY CARLOS GRANT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| OFFICER CHRISTOPHER J. RUSH; ) | |
| OFFICER DANIEL J. BIGNALL ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed July 27, 2009. (Document No. 1.)

In his Complaint against Charlotte Mecklenburg Police Officers Rush and Bignall, Plaintiff contends that on January 24, 2009 the Defendants pulled over the car he was riding in as a passenger. A search of the vehicle revealed a white substance in a plastic bag on the floor of the back seat. Plaintiff was then placed under arrest. Plaintiff argues that he was harassed and threatened by Defendants as they attempted to get Plaintiff to admit the drugs were his. Plaintiff contends that Defendants cussed at him and called him "all types of slandering words." (Complaint at 5.) Specifically, Plaintiff states that Defendant Officer Rush told him he was a "fucking coward for not claiming the drugs and [] for letting [his] kids having be sent to Department Social Services and letting [his] girlfriend Ms. Paul and Mr. Cunningham go to jail." (Complaint at 5.) After two hours of being harassed, Plaintiff still did not make a statement.

**ANALYSIS**

Plaintiff essentially complains of verbal abuse by his arresting officers at the time of his

arrest.  Such claim does not state a Constitutional claim for relief.  Indeed a claim of verbal harassment and abuse upon being stopped for a motor vehicle violation fails to state a constitutional claim.  Cole v. Cole, 633 F.2d 1083; see also Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.), aff'd, 917 F.2d 1302 (4th Cir. 1990).  This is especially true when there is not injury or harm flowing from such treatment.  Id.  Plaintiff does claim he was humiliated and fearful and that he was mentally worn down, however, he does not allege any physical injury or excessive force by the Defendants.  Plaintiff's Complaint is therefore dismissed for failure to state a claim for which relief can be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**.

Signed: August 4, 2009

Graham C. Mullen
United States District Judge